

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00585-CR

Carlos Santos **HUERTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4979
Honorable Ray Olivarri, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: September 24, 2014

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed the sentence January 24, 2014. Appellant did not file a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing the notice of appeal was February 24, 2014. *See* TEX. R. APP. P. 26.2(a)(1); *see also* TEX. R. APP. P. 4.1(a). A notice of appeal was not filed until July 1, 2014, and appellant did not timely file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

On August 15, 2014, we ordered appellant to file a written response showing cause why the appeal should not be dismissed for want of jurisdiction. In that same order, we noted that

appellant entered into a plea bargain with the State, pursuant to which he pled nolo contendere to the offense of indecency with a child by contact. The trial court imposed sentence in accordance with the plea and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We advised appellant that it appeared he did not have a right to appeal and gave notice the appeal might also be dismissed pursuant to Rule 25.2(d) if an amended certification showing appellant has the right to appeal was not made part of the record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21408347 (July 2, 2013, pet. ref'd) (not designated for publication).

Although appellant's appointed counsel filed a response in which he noted his agreement with our Rule 25.2 analysis, he did not respond to our order with regard to the untimeliness of the notice of appeal.

Because the notice of appeal was not timely filed, and no timely motion for extension of time was filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss the appeal for want of jurisdiction.[1]

PER CURIAM

DO NOT PUBLISH

---

[1] We could also dismiss the appeal pursuant to Rule 25.2(d), but given we lack jurisdiction, we dismiss on this basis.